UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL RETHWISCH, | ) Case No.: 1:19-cv-01039-BAM |
| Plaintiff, | ) |
| | ) **ORDER REVERSING AGENCY'S DENIAL OF** |
| v. | ) **BENEFITS AND ORDERING REMAND** |
| | ) |
| ANDREW M. SAUL, Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **INTRODUCTION**

Plaintiff Carol Rethwisch ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits under Title II of the Social Security Act and supplemental security income under Title XVI of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1]

Having considered the parties' briefs, along with the entire record in this case, the Court finds that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence in

---

[1] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Doc. Nos. 9, 16, 17.)

1

the record and is not based upon proper legal standards. Accordingly, the Commissioner's determination will be reversed and remanded for further proceedings.

### FACTS AND PRIOR PROCEEDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income on August 3, 2015. AR 334-35, 336-42, 345-46.[2] Plaintiff alleged that she became disabled December 1, 2014, due to bi-polar disorder, Hashimoto thyroid, fibromyalgia, panic attacks, clinical depression, agoraphobia and high blood pressure. AR 247, 471. Plaintiff's applications were denied initially and on reconsideration. AR 236-40, 241-45, 247-51, 253-56. Subsequently, Plaintiff requested a hearing before an ALJ. ALJ Ruxana Meyer held a hearing on January 29, 2018. AR 48-80. ALJ Meyer issued an order denying benefits on April 10, 2018. AR 21-37. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 8-12. This appeal followed.

**Hearing Testimony**

The ALJ held an initial hearing on January 29, 2018, in Fresno, California. Plaintiff appeared with her attorney, Jeffrey Milam. Jose L. Chaparro, an impartial vocational expert, also appeared and testified. AR 50-51.

Plaintiff testified that she was 49 years old, single and living with her 16-year-old son. She has a high school diploma and served in the Marine Corps. AR 53-55.

Plaintiff testified that in the last 15 years, she has had a variety of different jobs. She was self-employed as a real estate agent, but her real estate license lapsed in 2007. After that, Plaintiff did temporary work, including in-home care. She stopped in-home care because of mental issues. She is bipolar, rapid cycler. She moved to be by her parents and has not done any work since moving in 2010. Although she worked two days at Target, she could not handle the amount of anxiety the job was causing her, and they asked her to leave. Additionally, she worked as a cook at a senior home, but was asked to leave because she was not performing properly. She was not getting the meals out properly on time and there were complaints about the food. AR 55-58.

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

Plaintiff testified that she put herself in rehab on May 20, 2017, and she has been sober for more than seven months. AR 59-60.

When asked about her activities, Plaintiff testified that she and her son clean the house together, sweeping, mopping, dishes, etc. Once a month, her mom takes her grocery shopping. During the day, she does not watch TV and does not have a computer, but she reads. She goes to church with her parents once a week. She does not exercise or take her son anywhere. She has a cell phone that she uses to talk to her mom and her kids. She is on social media and has a Facebook account. AR 61-63. She goes to counseling once a month, which helps. She sees a therapist at the VA, Dr. Rose. She is taking medications, which are put into a container by her mom. AR 64-65.

In response to questions from her attorney, Plaintiff testified that her mom puts the medications into a container for her to make sure that they are properly taken. Plaintiff has made mistakes because of memory. Plaintiff explained that with rapid cycling she goes from severe depression with a suicide attempt and then it switches to high mania. She has more depression. It is rapid, meaning you can slip from a severely depressed state into a very manic state, going from one to the other at fast speed. Plaintiff further explained that it could be a week as opposed to a bipolar person that might just be manic for a year. Plaintiff reported that hers might cycle monthly. From her perspective, the depression is worse. There are some days that are really bad so that she does not make an appointment. This happens three to four times a month. She would not be able to go to work on those days. AR 66-67.

Plaintiff testified that she has used marijuana—edibles—because she was told that it helps with anxiety. Plaintiff believed that she was honest with her doctor about it, but he didn't say anything. Plaintiff reported that she started self-medicating with alcohol in 2017, which led her to a treatment facility. AR 67-68.

Plaintiff also testified that she has problems with focus or concentration. She has short-term memory, forgetting things. She cannot stay on task and she repeats herself a lot. She has TMJ, which causes severe headaches, and affects her focus. Some days are worse, and she has mouthpieces for it, which are helping with severity. She wears one mouthpiece during the day and two at night. The mouthpiece would cause work troubles because she cannot talk with them and she drools. AR 68-70.

When asked about her carpal tunnel syndrome bilaterally, Plaintiff confirmed that it is with both hands, but her left hand is worse. She had surgery on the right, but it needs to be repeated, and both need to be done. She can use her hands for an hour before she has to rest, icing them for 30 minutes. It would get harder to use her hands during an eight-hour day, because they would go numb. On average, in an eight-hour day, she could use her hands for three to four hours total. AR 70-72.

Plaintiff also reported that she has problems standing. The most she can stand at one time is an hour. She spends more time off her feet because she has six screws and a plate in her left ankle. It is painful to stand, but she does not have a cane or a crutch to help her walk. AR 72.

Following Plaintiff's testimony, the ALJ elicited testimony from the VE. The VE classified Plaintiff's past work as real estate sales agent. The ALJ also asked the VE hypotheticals. For all of the hypotheticals, the ALJ asked the VE to assume an individual with the same age, education and work experience as Plaintiff. For the first hypothetical, the ALJ asked the VE to assume an individual that could lift or carry 10 pounds frequently, lift 20 pounds occasionally, stand and walk six out of eight hours, sit six out of eight hours, could frequently crouch, climb ladders, ropes and scaffolds, limited to frequent bilateral handling, and could understand and remember simple vocational directives, interact with coworkers and the public, sustain focus for two-our increments out of an eight-hour day and adhere to a routine schedule. The VE testified that such an individual could not perform Plaintiff's past work, but there was other work that the individual could perform, such as touring clerk, housekeeping cleaner, and marker. AR 75-76.

For the second hypothetical, the ALJ asked the VE to assume the same individual as hypothetical one, but this individual could have no interaction with the general public. The VE testified that the routing clerk would still be available. Another example that would be available is can-filling and closing machine tender. AR 76.

For the third hypothetical, the ALJ asked the VE to assume the same individual as hypothetical two, but this individual could do work that did not involve a production-rate pace, such as an assembly line. The VE testified that the jobs previously identified in response to hypothetical two would still be available. AR 76.

For the fourth hypothetical, the ALJ asked the VE to assume the same individual as hypothetical three, but this individual would be off task for 25 percent of the workday.  The VE testified that this hypothetical individual would not be able to do any work in the national economy.  AR 77.

For the fifth hypothetical, the ALJ asked the VE to assume the same individual as hypothetical three, but there was no climbing of ladders, ropes or scaffolds.  The VE testified that the identified jobs would still be available.  AR 77-78.

In response to questions from Plaintiff's counsel, the VE testified that with any of the hypotheticals, if the hypothetical person was not able to handle competitive work and/or the stress of competitive work on a full-time basis, then the hypothetical individual would not be able to do any jobs.  AR 78.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act.  AR 21-37.  Specifically, the ALJ found that Plaintiff met the insured status requirements through September 30, 2014.  She had not engaged in substantial gainful activity since April 4, 2013, the beginning of the period at issue.  AR 25.  The ALJ identified carpal tunnel syndrome, remote left clavicle fracture, left foot and ankle status-post open reduction internal fixation, affective disorder, bipolar disorder and history of alcohol and polysubstance abuse as severe impairments.  AR 27-28.  The ALJ determined that the severity of Plaintiff's impairments did not meet or equal any of the listed impairments.  AR 28-29.

Based on a review of the entire record, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work, except that Plaintiff could never climb ladders, ropes and scaffolds.  She could frequently crouch and frequently handle bilaterally.  She was able to understand and remember simple vocational directives, could interact superficially with coworkers, but could have no public contact, could sustain focus for two hour increments for a total of 8 hours and

5

adhere to a routine schedule, but could not perform at a production rate pace, such as assembly line work. AR 29-35. With this RFC, the ALJ found that Plaintiff could not perform her past relevant work, but she could perform other jobs in the national economy, such as routing clerk, marker and can filling closing machine attendant. AR 36-37. The ALJ therefore concluded that Plaintiff had not been under a disability from April 4, 2013, through the date of the decision. AR 37.

## SCOPE OF REVIEW

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Servs.*, 812 F.2d 509, 510 (9th Cir. 1987).

## REVIEW

In order to qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The

6

burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

### DISCUSSION[3]

Plaintiff contends that the ALJ erred by (1) failing to include all limitations supported by the record in Plaintiff's mental RFC and (2) failing to develop the record regarding Plaintiff's lower extremity limitations.

#### 1. Mental RFC

Plaintiff first argues that the ALJ erred by failing to incorporate into the RFC the limitation to one-or-two step instructions identified by Plaintiff's treating physician, Dr. Jorge Urbina. (Doc. 19 at 7-10.) Plaintiff claims that in addition to the ALJ's failure to include the limitation in the RFC, the ALJ further erred in failing to recognize the apparent conflict between the limitation to simple one-or-two step instructions "and the proffered jobs at step 5 that were all reasoning level 2." (*Id.* at 8-10.)

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). "[A]n RFC that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r. of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). Further, "[t]he hypothetical an ALJ poses to a vocational expert, which derives from the RFC, 'must set out all the limitations and restrictions of the particular claimant.'" *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)).

In formulating Plaintiff's RFC, the ALJ gave "considerable weight to the opinion of Dr. Urbina that the claimant could understand, remember, and carry out simple one-or-two step job instructions." AR 34. The ALJ found such opinion to be "consistent with the generally conservative treatment of the claimant's symptoms in addition to her reporting of concentration limits." *Id.* Additionally, the ALJ credited Dr. Urbina's opinion based upon his treatment relationship with Plaintiff. *Id.* Plaintiff argues that the ALJ's RFC limitation to "simple vocational directives" does not adequately capture Dr. Urbina's opinion.

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

In *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015), the court found an apparent conflict between a limitation to one- and two-step tasks and the demands of Level Two reasoning, which requires carrying out "detailed but uninvolved written or oral instructions." *Rounds* 807 F.3d at 1003. Since the decision in *Rounds,* courts have found a distinction between a limitation to simple, routine tasks and a limitation to "one- and two-step tasks." *Jones v. Berryhill*, No. CV 17-07404-AFM, 2018 WL 3689560, at *3 (C.D. Cal. July 31, 2018) (noting critical distinction between a limitation to 'simple, routine and repetitive tasks" and a limitation to "one- or two-step instructions"). *Wilson v. Berryhill*, No. 1:16-cv-01861-SKO, 2018 WL 1425963, at *34-35 (E.D. Cal. Mar. 22, 2018) ("Both parties appear to agree that there is a critical distinction between the "simple one-or two-step instructions" assessment by Dr. Kalman and the "simple" work with "routine and repetitive tasks" limitation adopted by the ALJ, and both cite *Rounds v. Commissioner Social Security Administration* in support."); *Wilson v. Colvin*, No. 16-cv-01971-WHO, 2017 WL 1861839, at *6-*7 (N.D. Cal. May 9, 2017) (collecting cases and finding "significant distinction between limitations to one-to two-step instructions and RFCs allowing performance of simple, repetitive tasks"); *see also Kasbarian v. Comm'r of Soc. Sec.*, No. 1:18-cv-00122-LJO-SAB, 2019 WL 1787341, at *13 (E.D. Cal. Apr. 24, 2019), report and recommendation adopted, No. 1:18-cv-00122-LJO-SAB, 2019 WL 3367537 (E.D. Cal. May 17, 2019) (noting that since *Rounds*, courts find that a limitation to simple repetitive tasks does not account for a doctor's functional limitation of the claimant to one to two step job instructions). The limitation to simple vocational directives does not account for a limitation to understanding, remembering and carrying out simple one- or two-step job instructions.

Defendant argues that Dr. Urbina did not opine that Plaintiff "was limited to understanding, remembering and carrying out simple one-or-two step job instructions." Rather, Dr. Urbina stated he did not "foresee any problem" with such ability and also opined that Plaintiff was "impaired" in her ability to understand, remember, and carry out an extensive variety of technical and/or complex job instructions. (Doc. 23 at 8.) Defendant suggests that per Dr. Urbina's opinion, Plaintiff "was able to perform work ranging from simple one-or-two step instructions to at least complex job instructions," and there is no conflict between the RFC and Dr. Urbina's opinion. (Id. at 8, 9.) Defendant further suggests that Dr. Urbina's opinion was consistent with those of the state agency psychological

consultants, Drs. Paula Kresser and Anne-Marie Bercik, who opined that Plaintiff was limited to understanding and remembering simple vocational directives (AR 165, 179, 191-92, 197, 207-08, 213), the same limitation included in the RFC.  (*Id.* at 9.)

       The Court disagrees.  Dr. Urbina's opinion effectively limited Plaintiff to simple one- or two-step job instructions, which the ALJ expressly acknowledged in assigning considerable weight to that portion of Dr. Urbina's opinion.[4]  AR 34 ("The undersigned gives considerable weight to the opinion of Dr. Urbina that the claimant could understand, remember, and carry out simple one-or-two step job instructions, as such opinion is consistent with the generally conservative treatment of the claimant's symptoms in addition to her reporting of concentration limits.")  The ALJ did not include Dr. Urbina's limitation of Plaintiff to simple one or two step job instructions in the RFC or otherwise provide a reason to reject it.  This failure constitutes error. *Jones*, 2018 WL 3689560, at *3 (C.D. Cal. July 31, 2018) (finding error where ALJ limited plaintiff to simple, routine tasks, but failed to either incorporate or provide reasons to reject physician opinion that plaintiff could understand, remember, and carry out two-step commands); *Burson v. Berryhill*, No. 15-cv-04991-DMR, 2017 WL 1065140, at *4 (N.D. Cal. Mar. 20, 2017) (finding ALJ erred by limiting the claimant to "simple, repetitive tasks" without either accounting for or provide reasons for rejecting doctor's opinion that claimant was "capable of performing one- and two-step instruction work"); *Wells v. Colvin*, 2016 WL 4744668, at *8 (E.D. Cal. Sept. 13, 2016) (finding error where ALJ assigned significant weight to doctor's opinion that claimant could "sustain simple one-two step repetitive tasks," but "did not adopt this limitation in the RFC, instead limiting Plaintiff to "'simple, routine, and repetitive tasks' ").

       Further, the error is not harmless.  Based on the VE's testimony, the ALJ concluded that Plaintiff was capable of performing at least three jobs: Routing Clerk (DOT Number 222.687-022); Marker (DOT Number 209.587-034); and Can Filling and Closing Machine Attendant (DOT Number 529.685-282).  AR 36.  According to the Dictionary of Occupational Titles ("DOT"), these jobs require Level 2 reasoning.  *See* Routing Clerk, DICOT 222.687-022, 1991 WL 672133; Marker,

---

[4]    The ALJ also gave "considerable weight" to the opinions of Drs. Kresser and Bercik that Plaintiff could perform simple jobs and sustain focus for two hours.  AR 33.

DICOT 209.587-034, 1991 WL 671802; Can-Filling-And-Closing-Machine Tender, DICOT 529.685-282, 1991 WL 674715. An RFC for performing one- to two-step tasks is not consistent with Level 2 reasoning. *Rounds* 807 F.3d at 1003; *Jones,* 2018 WL 3689560, at *2 (C.D. Cal. July 31, 2018).

## 2. Remedy

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel,* 211 F.3d 1172, 1175-78 (9th Cir. 2000). Unless "the record has been fully developed and further administrative proceedings would serve no useful purpose," remand for further proceedings is warranted. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). As it is not clear that "further administrative proceedings would serve no useful purpose," remand for further proceedings is appropriate. *Id.*; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted).

Having found that remand is warranted, the Court declines to address Plaintiff's remaining argument concerning lower extremity limitations, which can be addressed on remand. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand."); *Marcia v. Sullivan*, 900 F.2d 172, 177 n. 6 (9th Cir. 1990) ("Because we remand for reconsideration of step three, we do not reach the other arguments raised."); *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) (per curiam) ("Because the 'misuse of the expert's testimony alone warrants reversal,' we do not consider the appellant's other claims.").

## CONCLUSION

Based on the foregoing, the Court finds that the ALJ's disability determination warrants remand. Accordingly, the decision is REVERSED, and the case REMANDED to the ALJ for further

proceedings consistent with this order.  The Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff Carol Rethwisch and against Defendant Andrew M. Saul, Commissioner of Social Security.

IT IS SO ORDERED.

Dated:  **March 17, 2021**               /s/ *Barbara A. McAuliffe*            _
                                                            UNITED STATES MAGISTRATE JUDGE